**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 9 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| KAREN SUCELY ESTRADA-PAYES; et al., | No.   16-71774 |
| Petitioners, | Agency Nos.   A206-036-648<br>A206-036-649<br>A206-036-647 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 4, 2026**
Pasadena, California

Before:  WARDLAW and DE ALBA, Circuit Judges, and BROWN,*** District
Judge.

Karen Sucely Estrada-Payes, Sammy Alexander Enriquez-Orantes

("Enriquez"), and J.A.E.E. (collectively, "Petitioners"), natives and citizens of

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Jeffrey Vincent Brown, United States District Judge
for the Southern District of Texas, sitting by designation.

Guatemala, petition for review of a decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of an Immigration Judge's ("IJ") denial of their petitions for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

1.     Substantial evidence supports the BIA's determination that Petitioners' proffered particular social groups ("PSG") were not socially distinct. *See Conde Quevedo v. Barr*, 947 F.3d 1238, 1243 (9th Cir. 2020) (holding that the BIA's determination as to social distinction is reviewed for substantial evidence); *Akosung v. Barr*, 970 F.3d 1095, 1103 (9th Cir. 2020) ("To be socially distinct . . . a group need not be seen by society; rather, it must be perceived as a group by society." (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 240 (2014)). Petitioners' theory of social distinction relies on conclusory testimony that their community was aware they were being targeted by a local gang. *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1181 (9th Cir. 2021) ("'[T]he social group must exist independently of the fact of persecution' because 'the persecutors' perception is not itself enough to make a group socially distinct.'" (citation omitted)). We are not compelled to conclude that the proffered PSGs are socially distinct.

2.     Substantial evidence supports the BIA's determination that Petitioners failed to establish the requisite nexus to their proposed PSGs. Petitioners testified

credibly that they received multiple death threats from gang members and Enriquez testified that he was beaten on one occasion. However, a noncitizen's "desire to be free from . . . random violence by gang members bears no nexus to a protected ground." *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

3. Substantial evidence supports the BIA's determination that Petitioners failed to meet their burden of establishing that they face a more-likely-than-not risk of future torture "by, or at the instigation of, or with the consent or acquiescence of, a public official acting in an official capacity or other person acting in an official capacity." *See* 8 C.F.R. § 1208.18(a)(1). Petitioners fail to meet their burden of establishing a likelihood of future torture, and the testimony that the police failed to send a patrol car as they promised they would after Enriquez reported gang activity does not establish acquiescence. *See* 8 C.F.R. § 1208.16(c)(2) ("The burden of proof is on the applicant . . . to establish that it is more likely than not that he or she would be tortured if removed."); *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) ("[A] general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence.").

4. "We generally review claims of due process violations in deportation proceedings de novo." *Getachew v. I.N.S.*, 25 F.3d 841, 845 (9th Cir. 1994). "To prevail on a due process challenge to deportation proceedings, [Petitioners] must

3

show error and substantial prejudice." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000). Petitioners fail to establish that they were "prevented from reasonably presenting [their] case" or that they were prejudiced "by the alleged [due process] violation." *Zetino v. Holder*, 622 F.3d 1007, 1013 (9th Cir. 2010) (citation omitted). Petitioners concede that they were "not prevented from presenting [their] case," and instead argue that "the IJ failed to properly consider all facts in evidence, and misstated and omitted others in the Oral Decision." But there is no evidence that Petitioners' contention is true, and "the BIA does not have to write an exegesis on every contention." *Najmabadi v. Holder*, 597 F.3d 983, 990 (9th Cir. 2010) (citation modified).

**PETITION DENIED.**[1]

---

[1] Petitioners' Motion to Stay Removal, *see* Dkt. 5, is **DENIED** as moot. The temporary stay of removal will dissolve when the mandate issues. *See* Dkt 1.